**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Shaun A. Johnson and<br>Katherine E. Johnson,<br><br>        Plaintiffs,<br><br>v.<br><br>Keith Ellison, in his official capacity as<br>Attorney General for the State of Minnesota,<br>Brooke Cunningham, M.D., in her official<br>capacity as Commissioner of the Minnesota<br>Department of Health, and Fairview Health<br>Services d/b/a M Health Fairview,<br><br>        Defendants. | Case No. 26-cv-02795-PJS-EMB<br><br><br>**MEMORANDUM OF LAW<br>IN SUPPORT OF FAIRVIEW<br>HEALTH SERVICES' MOTION TO<br>DISMISS** |

## <u>INTRODUCTION</u>

Plaintiffs allege that they have a federal and state right to unrestricted access to their 15-year-old child's medical record through an electronic patient portal (MyChart). Plaintiffs, however, do not have a state or federal cause of action to bring suit against Fairview Health Services—a nonprofit hospital—to compel such access. Fairview is not a governmental entity subject to claims based on federal "preemption" or 28 U.S.C. § 1983, nor can such claims alleged be sustained as a matter of law. Further, Minnesota law does not provide a legal basis or cause of action for the relief Plaintiffs seek—access to their minor child's patient portal. Accordingly, the Complaint should be dismissed with prejudice as to Fairview.

## BACKGROUND

### I.   PLAINTIFFS' FACTUAL ALLEGATIONS.[1]

#### A.   The Parties.

Plaintiffs are the parents of minor child J.J., who is 15 years old.  (Compl. ¶ 18.)

Defendant Fairview Health Services is a Minnesota nonprofit health care organization.  (*Id.* ¶ 12.)  Plaintiffs allege that J.J. received care at Fairview.  (*Id.* ¶¶ 25-26.)

Defendant Keith Ellison is sued in his official capacity as Attorney General for the State of Minnesota.  (*Id.* ¶ 9.)  Defendant Brooke Cunningham, M.D. is sued in her official capacity as Commissioner of the Minnesota Department of Health.  (*Id.* ¶ 11.)

#### B.   Plaintiffs' Access to J.J.'s Fairview Medical Record.

In 2024, J.J. was diagnosed with Turner Syndrome.  (*Id.* ¶ 23.)  J.J. and her parents sought a second opinion regarding J.J.'s diagnosis with a Fairview provider.  (*Id.* ¶ 25.)

During J.J.'s second appointment at Fairview, Plaintiffs discovered that they were unable to access J.J.'s medical records via MyChart, Fairview's online patient portal.  (*Id.* ¶ 27.)  Plaintiffs allege that J.J. would consent to Plaintiffs' full access of her records, but Plaintiffs refused to sign the form Fairview requested to grant them proxy access through the MyChart portal.  (*Id.* ¶¶ 32-33.)  Plaintiffs assert that they refused to sign the form

---

[1] The facts as described in this memorandum are based on the allegations in the Complaint, which are taken as true only for the purposes of Fairview's motion to dismiss. *See Rouse v. H.B. Fuller Co.*, 694 F. Supp. 3d 1149, 1155 (D. Minn. 2023) (acknowledging that a complaint's factual allegations must be accepted as true when a deciding Rule 12(b)(6) motion to dismiss).

based on their belief that they are entitled to full access to their children's medical records regardless of their children's consent. (*Id.* ¶ 34.)

Plaintiffs subsequently received J.J.'s medical records through direct requests to Fairview. (*Id.* ¶ 45.) In December 2024, Plaintiffs submitted a written request for copies of J.J.'s medical records and received a response by email with a copy of J.J.'s medical records. (*Id.* ¶¶ 46-47.) Plaintiffs allege that these records were "less complete" than what would have been available on the electronic patient portal.[2] (*Id.* ¶¶ 48, 52.)

## II.   LEGAL FRAMEWORK GOVERNING ACCESS TO MEDICAL RECORDS.

### A.   The Right of Access to Medical Records Under HIPAA.

The Health Insurance Portability and Accessibility Act ("HIPAA"), 42 U.S.C. § 1320d *et seq.*, addresses access to medical records. The HIPAA Privacy Rule is a subpart of the administrative regulations, *see* 45 C.F.R. Parts 160, 162, and 164, which generally prohibits the unauthorized disclosure of patients' health information by covered entities, such as Fairview, and provides for the privacy of protected health information, *see* 45 C.F.R. § 164.502.

The Privacy Rule generally provides that health care providers can release a patient's medical records to the patient upon written requests. 45 C.F.R. § 164.502. Health providers are required to provide a designated record set to patients in response to written requests for access within 30 days of the request. 45 C.F.R. § 164.524(b). HIPAA requires

---

[2] Although not before the Court on this motion, Fairview's records show that Plaintiffs were provided the records they requested pursuant to their written requests within 30 days.

covered entities to provide access to the medical records in the form requested by the individual, if it is readily producible in such form.  45 C.F.R. § 164.524(c)(2)(i).  If the medical record is not readily producible in the form requested, access must be provided in a readable hard copy form, or in the alternative, some other form as agreed to by the provider and the individual.  *Id.*

Under the Privacy Rule, individuals who are legally authorized to act on behalf of the patient regarding health care matters ("personal representatives") have the same right of access as the patient.  *See* 45 C.F.R. § 164.502(g)(1).  A parent is not a child's personal representative, however, when a child consents to health care and the parent's consent is not required.  45 C.F.R. § 164.502(g)(3)(i)(A)-(B).  HIPAA also expressly defers to state law regarding the level of access provided to a parent, and states that notwithstanding its general designation of parents as personal representatives, disclosure of a minor's health information to their parents is not authorized under HIPAA if such disclosure is prohibited under state law.  45 C.F.R. § 164.502(g)(3)(ii)(B).

Although HIPAA's privacy provisions establish a baseline of confidentiality for medical records, HIPAA does not preempt state laws that are more restrictive—that is, more protective of a patient's privacy—than HIPAA.  *See* 45 C.F.R. § 160.203(b); *Wassef v. Tibben*, 68 F.4th 1083, 1090 (8th Cir. 2023) ("State law may impose requirements, standards, or implementation specifications relating to the privacy of . . . health information, but state law standards may not be less stringent than HIPAA standards.").  In addition, there is no private right of action to enforce HIPAA.  *Dodd v. Jones*, 623 F.3d

4

563, 569 (8th Cir. 2010). Instead, the statute is enforced by the Department of Health and Human Services Office for Civil Rights (OCR). *See* 42 U.S.C. § 1320d-5.[3]

### B.      The Right of Access to Medical Records under the MHRA.

The Minnesota Health Records Act ("MHRA"), Minn. Stat. § 144.291 *et seq.*, is the Minnesota law governing health records. Like HIPAA, the MHRA also has provisions protecting the privacy of a person's health information and governing a person's right to access their own information.

The MHRA limits the disclosure of health information to individuals other than the patient absent patient consent or authority under Minnesota law. Minn. Stat. § 144.293. It also permits disclosure of protected health information to the patient, providing that a copy of the health record must be provided to a patient within 30 days of receiving a written request:

> Subd. 2. **Patient Access.** Upon request, a provider shall supply to a patient within 30 calendar days of receiving a written request for medical records complete and current information possessed by that provider concerning any diagnosis, treatment, and prognosis of the patient in terms and language the patient can reasonably be expected to understand.

Minn. Stat. § 144.292, subd. 2 (emphasis added).

> Subd. 5.  **Copies of health records to patients.**  . . . [U]pon a patient's written request, a provider, at a reasonable cost to the

---

[3] The Complaint alleges that Plaintiffs filed complaints against Fairview with OCR. (Compl. ¶¶ 77-82.) Plaintiffs did not attach OCR's first response to their Complaint. OCR's response to Plaintiffs' first complaint is, however, available on the website of Plaintiffs' counsel. OCR did not make any findings against Fairview and closed the case "without further action." *See* https://cir-usa.org/wp-content/uploads/2025/03/HHS-Letter.pdf.

patient, shall furnish to the patient within 30 calendar days of receiving a written request for medical records:

(1) copies of the patient's health record, including but not limited to laboratory reports, x-rays, prescriptions, and other technical information used in assessing the patient's health conditions; or

(2) the pertinent portion of the record relating to a condition specified by the patient.

*Id.*, subd. 5. The MHRA does not address the format of the production and, importantly for this case, does not address, let alone require, access to a patient portal.

Under the MHRA, "patient" includes a parent or guardian, or a person acting as a parent or guardian in the absence of a parent or guardian—except for health care services under sections 144.341 to 144.347 in the case of a minor. Minn. Stat. § 144.291, subd. 2(g). Sections 144.341 to 144.347 enumerate medical treatments to which a minor can consent without their parents. Section 144.343 covers confidential medical care and provides that minors may consent to such care without consent from any other person. The MHRA expressly provides that it should be construed to protect patient privacy in a more stringent manner than HIPAA. Minn. Stat. § 144.2925.

The MHRA does not itself provide a private right of action regarding <u>access</u> to medical records.[4] The Minnesota Supreme Court has held, however, that a patient injured by a violation of the MHRA's record-access obligations may bring a claim under Minnesota's Private Attorney General statute for equitable relief for the specific and

---

[4] The MHRA has an express private right of action against providers who disclose or release records without patient consent or specific authorization in Minnesota law. Minn. Stat. § 144.298, subd. 2.

limited purpose of requiring health care providers to produce medical records to the patient within 30 days of a written request under the MHRA. *Findling v. Grp. Health Plan, Inc.*, 998 N.W.2d 1, 9 (Minn. 2023); *see also* Minn. Stat. § 8.31, subd. 3a.

## III.   PLAINTIFFS' LEGAL CLAIMS.

On May 29, 2026, Plaintiffs filed a Complaint asserting three causes of action, purportedly against each of the named Defendants.

First, Plaintiffs assert a claim of "Federal Preemption," alleging that HIPAA's right-of-access requirements preempt the provisions of the MHRA requiring a minor's consent before disclosure of confidential health information. (Compl. ¶¶ 105-30.)

Second, Plaintiffs assert a claim under 42 U.S.C. § 1983 for a violation of Plaintiffs' alleged Fourteenth Amendment right to control their children's medical care. (*Id.* ¶¶ 131-43.)

Third, Plaintiffs assert a claim under the Minnesota Private Attorney General statute, alleging that Fairview's failure to provide access to J.J.'s medical records through the electronic MyChart patient portal violates the MHRA. (*Id.* ¶¶ 94, 144-57.)

### LEGAL STANDARD

To survive a motion to dismiss for failure to state a claim, a plaintiff must plead sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party, the Court need not accept as true mere conclusions or make unreasonable factual inferences. *See id.* Dismissal under Rule 12(b)(6) "serves to eliminate actions

7

which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Montez v. Astrue*, No. CIV. 08-634, 2009 WL 88337, at *2 (D. Minn. Jan. 12, 2009).

## ARGUMENT

Each of Plaintiffs' claims against Fairview fail as a matter of law. Fairview is not a state actor subject to Plaintiffs' preemption or Section 1983 claims, nor is there a legal basis to sustain them. Moreover, Plaintiffs do not have a cause of action under state law against Fairview to receive access to a patient's MyChart portal. Accordingly, the Complaint should be dismissed as to Fairview.

## I. PLAINTIFFS FAIL TO STATE A COGNIZABLE CLAIM AGAINST FAIRVIEW FOR "FEDERAL PREEMPTION" UNDER THE SUPREMACY CLAUSE.

Plaintiffs allege that, to the extent that Minnesota law "prohibits giving [them] access to their daughter's medical records" or "permits a health care provider to withhold these patient records," it is "expressly pre-empted by HIPAA." (Compl. ¶¶ 109, 110.) Plaintiffs seek a declaratory judgment that the MHRA is preempted by HIPAA to the extent the MHRA limits Plaintiffs' access to J.J.'s medical records and an injunction ordering the release of J.J.'s medical records to Plaintiffs. (*Id.* ¶ 130 & pp. 29-30.)

Plaintiffs' purported "federal preemption" claim against Fairview fails on multiple grounds. First, the Supremacy Clause does not create or provide an independent cause of action against a private party like Fairview. Second, even if such a claim were available to Plaintiffs, Plaintiffs' claim would still fail because there is no conflict between HIPAA and the MHRA with respect to disclosure of a minor's health information.

8

**A.** **Plaintiffs Cannot Enforce the Supremacy Clause to Compel Fairview— a Private Actor—to Do Anything.**

The Supremacy Clause does not create or provide an independent cause of action. *Armstrong v. Exceptional Child Ctr., Inc.*, 575 U.S. 320, 324-25 (2015). As the Supreme Court explained in *Armstrong*, "the Supremacy Clause is not the source of any federal rights, and certainly does not create a cause of action. It instructs courts what to do when state and federal law clash, but is silent regarding who may enforce federal laws in court, and in what circumstances they may do so." *Id.* (internal citations and quotation marks omitted). The Court further warned litigants against attempting to use the Supremacy Clause to create private rights of enforcement not otherwise provided for under law. *Id.* at 328 ("[R]espondents cannot, by invoking our equitable powers, circumvent Congress's exclusion of private enforcement."); *see also Urquiza v. Okla. ex rel. Kunzweiler*, No. 18-CV-025, 2018 WL 2123381, at *5 (N.D. Okla. May 8, 2018) (when "federal law either expressly or implicitly precludes private enforcement, a plaintiff cannot, by invoking the federal court's equitable powers, circumvent Congress's exclusion of private enforcement." (citing *Armstrong*) (cleaned up)).

*Armstrong*'s holding that the Supremacy Clause does not create a cause of action is fatal to Plaintiffs' "federal preemption" claim. Courts have routinely confirmed that there is no private right of action under HIPAA. *See Stewart v. Parkview Hosp.*, 940 F.3d 1013, 1015 (7th Cir. 2019); *Dodd*, 623 F.3d at 569 ("HIPAA does not create a private right of action."); *Mod. Orthopaedics of N.J. v. Horizon Healthcare Servs., Inc.*, No. CV-2120174, 2022 WL 3211417, at *4 (D.N.J. Aug. 8, 2022) (no private right of action based on alleged

9

violation of HIPAA's right-of-access provisions); *Howard v. NaphCare*, No. 217-CV-02345, 2018 WL 6028693, at \*2 (D. Nev. Nov. 16, 2018) ("Because there is no private right of action under HIPAA, [plaintiff's] personal HIPAA claim is not cognizable under 42 U.S.C. § 1983 or any other law.").  By asking this Court to (1) declare that HIPAA grants Plaintiffs a right of access to J.J.'s medical records that "preempts" a more limited right under the MHRA, and then (2) order the release of J.J.'s records to which they assert they are entitled under HIPAA, Plaintiffs effectively seek to enforce their interpretation of HIPAA's right-of-access provisions against Fairview.  But federal courts have routinely held that the legislature did not provide for such private enforcement, and Plaintiffs cannot use the Supremacy Clause to circumvent that exclusion. *See Armstrong*, 575 U.S. at 328.

The cases Plaintiffs cite in the Complaint ignore the crucial distinction between the defensive use of preemption against state actors threatening to enforce preempted laws (which federal courts have recognized as a valid claim in equity), and the affirmative use of preemption against private parties to attempt to compel enforcement of federal law (which federal courts have refused to recognize). *See New W., L.P. v. City of Joliet*, 491 F.3d 717, 719 (7th Cir. 2007) (noting that private actors can only use the Supremacy Clause as a defense to enforcement, not as an affirmative claim). As numerous courts have recognized, *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85 (1983), addressed preemption claims in suits seeking to enjoin state officials from interfering with federal rights—but is not applicable to a claim against a private party such as Fairview. *See New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 329-30 (5th Cir. 2008) (holding that *Shaw* "clearly establishes a federal right of action against state officials to enjoin the enforcement of

10

preempted state regulations" but did not establish "a comparable right of action against private parties"); *Cal. Shock Trauma Air Rescue v. AIG Domestic Claims, Inc.*, No. 2:09-CV-00759, 2009 WL 2230772, at *3-4 (E.D. Cal. July 24, 2009) (noting that *Shaw* addressed suits initiated against a state official and that private parties are improper defendants for a preemption claim).  This reasoning is consistent with *Armstrong*, which clarified that the Supremacy Clause does not confer a cause of action, and that although federal courts may in equity grant injunctive relief against governmental actors who are violating federal law, the power to enjoin any such unlawful actor is subject to express and implied statutory limitations—including limitations on private enforcement. 575 U.S. at 328 (parties cannot invoke federal courts' equitable powers to circumvent Congress's exclusion of private enforcement).

Similarly, *WinRed, Inc. v. Ellison* involved a plaintiff's attempt to enjoin the Minnesota Attorney General from investigating the plaintiff on the grounds that a federal statute preempted such investigation.  59 F.4th 934 (8th Cir. 2023).  Once again, *WinRed* establishes that preemption can provide a basis for federal court action enjoining unlawful conduct by state actors.  However, Fairview is <u>not</u> a state actor, and Plaintiffs are <u>not</u> using preemption as a shield against unlawful conduct by the state—they are using it as a sword to enforce purported rights under HIPAA when Congress declined to give them a private right of action to do so.  Plaintiffs' reliance on *Qwest Corp. v. City of Santa Fe*, 380 F.3d 1258, 1266 (10th Cir. 2004) and *Wright Electric, Inc. v. Minnesota State Board of Electricity*, 322 F.3d 1025, 1028 (8th Cir. 2003), is equally unavailing—both cases involved claims against a governmental defendant seeking to enjoin enforcement of an

11

allegedly preempted state regulation against the plaintiff. Plaintiffs, in contrast, are seeking to force Fairview, a private entity, to comply with what they perceive to be their rights under HIPAA.

Accordingly, Plaintiffs' claim against Fairview under the Supremacy Clause is not cognizable as a matter of law. It must accordingly be dismissed.

### B.      Plaintiffs' Preemption Claim Is Not Supported by HIPAA.

Even if Plaintiffs could bring a claim against Fairview under the Supremacy Clause, they still fail to state a claim that the provisions of the MHRA regarding a parent's access to a minor's medical records are preempted by HIPAA. On the contrary, HIPAA expressly allows the provisions of the MHRA challenged by Plaintiffs.

Plaintiffs allege that HIPAA creates a presumption that parents, as personal representatives, have the same access to their child's medical records as the child, and the MHRA improperly restricts that access. (Compl. ¶¶ 121, 126.) However, HIPAA expressly recognizes that state law can establish different standards with respect to the disclosure of a minor's health information:

> Notwithstanding the provisions of paragraph (g)(3)(i) of this section [requiring entities to treat parents as personal representatives with a right of access]: . . . <u>If, and to the extent, prohibited by an applicable provision of State or other law, including applicable case law, a covered entity may not disclose, or provide access in accordance with § 164.524 to, protected health information about an unemancipated minor to a parent, guardian, or other person acting in loco parentis</u>[.]

45 C.F.R. § 164.502(g)(3)(ii)(B) (emphasis added).

12

Consistent with this statutory language, courts have routinely recognized that HIPAA defers to state law with respect to the scope of a parent's access to their child's records. *See, e.g.*, *In re Berg*, 886 A.2d 980, 989 (N.H. 2005) (rejecting the argument that HIPAA created an absolute right of a father to his child's records and noting that under HIPAA "the health care provider may not . . . provide access to protected health information" to "a parent if doing so is 'prohibited by an applicable provision of State or other law'"); *Meridian Health Servs. Corp. v. Bell*, 61 N.E.3d 348, 355-56 (Ind. Ct. App.) ("Regardless of whether the parent is otherwise considered a personal representative, HIPAA defers to state law with respect to the ability of the parent to obtain health information about the minor child . . . the health care provider may not disclose the information when and to the extent state law prohibits such disclosure").

As a result, Plaintiffs' assertion that HIPAA's "presumption of access for parents preempts any contrary provision of the MHRA" is simply incorrect.  HIPAA not only permits states to restrict parent access to minor's health information, but also specifically prohibits disclosure that would violate such laws.  *See* 45 C.F.R. § 164.502(g)(3)(ii)(B). Because HIPAA does not preempt the MHRA's parental-access restrictions (but in fact recognizes and applies them), Plaintiffs fail to state a claim for "federal preemption" under the Supremacy Clause.[5]

---

[5] Further, preemption merely "knocks out" state laws that conflict with federal laws, and thus provides a defense to the real or threatened enforcement of such invalid laws against the plaintiff only. Preemption does not, as explained above, impose a separate, enforceable, affirmative duty on a defendant (here, a private party) to comply with federal law.  Thus, even if the MHRA were preempted in some manner, it would not give Plaintiffs the relief they seek. Again, to the extent Plaintiffs argue they should be able to enforce

## II.   PLAINTIFFS FAIL TO STATE A COGNIZABLE FOURTEENTH AMENDMENT CLAIM AGAINST FAIRVIEW.

In Count II, Plaintiffs bring a claim under 42 U.S.C. § 1983 alleging that Fairview violated their Fourteenth Amendment substantive-due-process rights by interfering with their alleged liberty interest in the care, custody, and control of their children.  (Compl. ¶¶ 131-42.)[6]  To state a claim for relief in an action brought under Section 1983, Plaintiffs must establish that they were deprived of a constitutional right, and that the alleged deprivation was committed under color of state law.  *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49 (1999).  Plaintiffs cannot meet either element.  Fairview is not a state actor acting under color of state law, and there is no constitutional right to access medical records.

### A.   Fairview Is Not a State Actor Subject to Section 1983.

To state a claim for relief in an action brought under Section 1983, Plaintiffs must establish that the alleged deprivation of a constitutional right was committed under color of state law.  *Am. Mfrs. Mut. Ins. Co.*, 526 U.S. at 49-50.  Fairview, as Plaintiffs concede, is a private, non-governmental entity, not a state actor.  (Compl. ¶ 12 ("[Fairview] is a Minnesota nonprofit corporation[.]").)  Therefore, this claim fails.

---

some provision of HIPAA they contend is broader or different than state law, Congress declined to give them a private right of action to do so.

[6] A plaintiff cannot bring a claim directly under the Fourteenth Amendment; claims involving a violation of the Fourteenth Amendment proceed under Section 1983.  *See Mungai v. Univ. of Minn.*, 141 F.4th 959, 966-67 (8th Cir. 2025).

Plaintiffs allege that Fairview is subject to Section 1983 because it is purportedly acting pursuant to state law and receives federal funding.  (*Id.* ¶ 138.) Such allegations are insufficient.  Acting in accordance with one's interpretation of state law does not suffice to meet the under-color-of-state-law requirement.  *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 939 (1982) (action by a private party pursuant to a statute, without more, was not sufficient to characterize the private party as a state actor).  Receipt of federal funds is also not sufficient to give rise to a claim under Section 1983. *See Rendell-Baker v. Kohn*, 457 U.S. 830, 841 (1982) (even extensive regulation by state and receipt of public funds did not make the acts of private entity acts of a state actor).  Because Plaintiffs have not established (and cannot) establish that Fairview is a state actor with respect to its challenged conduct, Plaintiffs' Section 1983 claim fails.

## B.     There Is No Constitutional Right to Access Medical Records.

Plaintiffs' Section 1983 claim against Fairview also fails because there is no constitutional right to access medical records.  *See Gotkin v. Miller*, 514 F.2d 125, 129 (2d Cir. 1975) (the Fourteenth Amendment does not create "a constitutionally protected, unrestricted property right directly to inspect and copy [one's] hospital records"); *Osborne v. City of Marietta*, No. 1:09-CV-0422, 2009 WL 10690033, at *3 (N.D. Ga. Apr. 10, 2009) ("[I]ndividuals do not have a constitutionally protected property interest in their medical records maintained by health care providers."); *Collins v. Kessler*, No. C 02-1811 WHA(PR), 2002 WL 1940303, at *1 (N.D. Cal. Aug. 15, 2002) ("There is no constitutional right for a patient to see his or her own medical records.").  Therefore, Plaintiffs cannot establish that they were deprived of a constitutional right.  *See Am. Mfrs. Mut. Ins. Co.*,

15

526 U.S. at 58-61 (Section 1983 claim failed when the plaintiff failed to establish it was deprived of a constitutional right).

Moreover, federal courts—including the Eighth Circuit—have cautioned against an overly broad reading of a parent's liberty interest in the care and control of their children with respect to medical decision making. *Brandt ex rel. Brandt v. Griffin*, 147 F.4th 867, 886 (8th Cir. 2025) (recognizing that "[p]arents do not have unlimited authority to make medical decisions for their children" and that "[e]very state . . . allows some minors to receive some medical treatments without the consent of their parents"); *Anspach ex rel. Anspach v. City of Phila., Dep't of Pub. Health*, 503 F.3d 256, 271 n.10 (3d Cir. 2007) (recognizing that "the state's substantial interest in the reproductive health of minors counsels against recognition of a constitutional right to parental notification when a minor seeks confidential health care services").

Instead, access to medical records is governed by regulations such as HIPAA, which <u>does not</u> allow for private enforcement, *see Adams v. Eureka Fire Prot. Dist.*, 352 F. App'x 137, 139 (8th Cir. 2009) ("Since HIPAA does not create a private right, it cannot be privately enforced either via § 1983 or through an implied right of action."), and the MHRA, which is privately enforced in limited circumstances not present here, as discussed in the following section. Because these regulatory and statutory provisions fall far short of a constitutional right enforceable through Section 1983, Count II should be dismissed.

16

## III.   PLAINTIFFS FAIL TO STATE A CLAIM UNDER MINNESOTA'S PRIVATE ATTORNEY GENERAL STATUTE TO ENFORCE THE MINNESOTA HEALTH RECORDS ACT.

In Count III, Plaintiffs bring a claim under Minnesota's Private Attorney General statute, Minn. Stat. § 8.31, subdivision 3a, for violations of Minn. Stat. § 144.292, a provision of the MHRA.  (Compl. ¶¶ 144-57.)  This cause of action cannot, however, provide them the relief they seek—unrestricted access to their child's electronic medical record via MyChart.

In *Findling v. Group Health Plan, Inc.*, the Minnesota Supreme Court recognized a cause of action under the Private Attorney General statute for a patient to obtain a copy of their medical records within 30 days of a written request, as provided for by Minn. Stat. § 144.292, subdivisions 2 and 5.  998 N.W.2d 1, 8 (Minn. 2023).  However, neither *Findling* nor the MHRA's right-of-access provisions provide a legal right of access through MyChart or any other electronic patient portal.  Thus, Plaintiffs do not have a cause of action to compel access to their minor child's patient portal, and Count III should be dismissed.[7]

---

[7] Plaintiffs' attempt to bootstrap a purported violation of HIPAA into a claim for violation of the MHRA also fails.  Plaintiffs' argument is premised on their legal assertion that the MHRA "incorporates by reference disclosures required by HIPAA's Privacy Rule."  (Compl. ¶ 155.)  For support, Plaintiffs cite the Minnesota Supreme Court's decision in *Schneider v. Children's Health Care*, 996 N.W.2d 197 (Minn. 2023), which held that HIPAA could provide legal authority to disclose records pursuant to the then-existing language of the MHRA.  The version of the MHRA interpreted by *Schneider*, however, was subsequently amended by the Minnesota Legislature to provide that HIPAA is <u>not</u> a legally sufficient basis for a provider to release health records under Minnesota law.  *See* Minn. Stat. § 144.293, subd. 2(2) (amending "authorization in law" to require "authorization in <u>Minnesota</u> law") (emphasis added).  Because HIPAA expressly provides that state law can be <u>more restrictive</u> than HIPAA, 45 C.F.R. § 160.203(b), this limitation

**CONCLUSION**

For the foregoing reasons, Fairview respectfully requests that the Court grant its motion to dismiss Plaintiffs' Complaint in its entirety.


Dated: June 30, 2026

*s/ Gregory E. Karpenko*

Gregory E. Karpenko (#0286473)
Anupama D. Sreekanth (#0393417)
Sarah Theisen (#0402844)
**FREDRIKSON & BYRON, P.A.**
60 South Sixth Street, Suite 1500
Minneapolis, MN  55402
Phone: (612) 492-7000
Fax: (612) 492-7077
gkarpenko@fredlaw.com
asreekanth@fredlaw.com
stheisen@fredlaw.com

*Attorneys for Defendant Fairview Health Services d/b/a M Health Fairview*

---

is enforceable. And Plaintiffs' misleading pleading merely confirms that they are seeking to back-end into a private right of action under HIPAA that Congress declined to create.