UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

SHAUN A. JOHNSON and KATHERINE E. JOHNSON,

Plaintiffs,

v.

KEITH ELLISON, in his official capacity as Attorney General for the State of Minnesota; BROOKE CUNNINGHAM, M.D., in her official capacity as Commissioner of the Minnesota Department of Health; and FAIRVIEW HEALTH SERVICES, d/b/a M Health Fairview,

Defendants.

Case No. 26-CV-2795 (PJS/EMB)

ORDER

Caleb Kruckenberg, CENTER FOR INDIVIDUAL RIGHTS, and Robert T. Dube and Thomas Lee Harshaw, ECKLAND & BLANDO LLP, for plaintiffs Shaun A. Johnson and Katherine E. Johnson.

Kaitrin C. Vohs and Madeline Mae Sheehy, MINNESOTA ATTORNEY GENERAL'S OFFICE, for defendants Keith Ellison and Brooke Cunningham, M.D.

Anupama D. Sreekanth, Sarah Theisen, and Gregory E. Karpenko, FREDRIKSON & BYRON, for defendant Fairview Health Services.

Plaintiffs Shaun and Katherine Johnson ("the Johnsons") bring a variety of constitutional and statutory claims against Fairview Health Services ("Fairview") arising out of Fairview's alleged refusal to provide access to their minor child's ("J.J.'s") medical records. In addition, the Johnsons bring claims against Keith Ellison in his

official capacity as Attorney General for the State of Minnesota and Brooke Cunningham, M.D., in her official capacity as Commissioner of the Minnesota Department of Health (collectively, the "State Defendants"), based on the allegation that Fairview relied on Minnesota law in withholding J.J.'s medical records from the Johnsons.

This matter is before the Court on defendants' motions to dismiss. The Court held a hearing on the motions on September 2, 2026. At that hearing, the Court extensively questioned the Johnsons about the exact nature of their claims and Fairview about the exact nature of its defenses. Fairview made clear that, to the extent that it blocked access to any of J.J.'s medical records, it is *not* claiming that its actions were required or permitted by Minnesota law. Based on this clarification, the Court grants the State Defendants' motion to dismiss.

At the hearing, the Johnsons clarified that they have one state-law claim and two federal claims against Fairview: (1) a state-law claim under Minn. Stat. § 144.292; (2) a federal claim under the Health Insurance Portability and Accountability Act ("HIPAA"); and (3) a federal claim under 42 U.S.C. § 1983 for violation of their right to substantive due process.

Both of the federal claims fail. First, the Johnsons cannot maintain their HIPAA claim because, as they conceded at the hearing, there is no private right of action under

HIPAA. *See Dodd v. Jones*, 623 F.3d 563, 569 (8th Cir. 2010). Second, the Johnsons' § 1983 claim is not viable because, in (allegedly) refusing to give the Johnsons access to some of J.J.'s medical records, Fairview (a private entity) was not acting under color of state law. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999) (explaining that a plaintiff must allege that a deprivation of their constitutional rights was committed under color of state law). As noted, Fairview does not claim that it relied on Minnesota law in withholding access to the medical records of J.J. that are at issue in this case; indeed, Fairview concedes that Minnesota law *requires* it to provide those records to the Johnsons. Fairview's defense is simply that it did not withhold any of J.J.'s records from the Johnsons. Because there is no conceivable basis on which Fairview could be held to be a state actor, the Johnsons' § 1983 claim fails.[1]

Finally, because the Court has dismissed the only claims over which it had original jurisdiction, the Court declines to exercise supplemental jurisdiction over the Johnsons' remaining state-law claim. *See Hervey v. Cnty. of Koochiching*, 527 F.3d 711, 726–27 (8th Cir. 2008); *Ivy v. Kimbrough*, 115 F.3d 550, 552–53 (8th Cir. 1997) (explaining

---

[1] The Court notes that, even if Fairview did claim that, in withholding medical records of J.J., it was acting in compliance with Minnesota law, that would not be sufficient to turn Fairview into a state actor. "Action by a private party pursuant to [a state] statute, without something more, [is] not sufficient to justify a characterization of that party as a 'state actor.'" *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 939 (1982); *see also Mueller v. Auker*, 700 F.3d 1180, 1191–92 (9th Cir. 2012) ("St. Luke's did not become a state actor simply because it complied with state law requiring its personnel to report possible child neglect to Child Protective Services.").

that "[i]n most cases, when federal and state claims are joined and the federal claims are dismissed . . . the pendent state claims are dismissed without prejudice").

**ORDER**

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. The motion to dismiss of defendants Keith Ellison and Brooke Cunningham, M.D. [ECF No. 23] is GRANTED and all claims against these defendants are DISMISSED WITH PREJUDICE AND ON THE MERITS.

2. The motion to dismiss of defendant Fairview Health Services [ECF No. 14] is GRANTED IN PART and DENIED IN PART as follows:

   a. Plaintiffs' federal claims against Fairview are DISMISSED WITH PREJUDICE AND ON THE MERITS.

   b. Pursuant to 28 U.S.C. § 1367(c)(3), the Court declines to exercise supplemental jurisdiction over plaintiffs' state-law claim against Fairview, and that claim is DISMISSED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: September 3, 2026

/s/ Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge